UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

Bajwa Barkat,

    Plaintiff,                               03 CV 2286 (KMW)

    -v-                                       ORDER

Elite Investigations, Ltd.,

    Defendant.
--------------------------------------x

WOOD, U.S.D.J.:

    On March 31, 2005, this Court granted defendant's motion to dismiss, because plaintiff failed to successfully plead subject matter jurisdiction. However, the Court granted leave for plaintiff to replead, and plaintiff filed an amended complaint, in an attempt to cure the deficiencies of the earlier pleading. Defendant has now filed a second motion to dismiss.

    In the Court's order of March 31, 2005, the Court advised plaintiff that "the invoked statute[] 42 U.S.C. § 1981" is "not [a] bas[i]s for federal subject matter jurisdiction." The Court therefore granted the motion to dismiss with leave to replead, assuming that the plaintiff would replead and invoke federal question jurisdiction, 28 U.S.C. § 1331, the type of subject matter jurisdiction plaintiff clearly seeks to invoke. Plaintiff's amended pleading, however, once again invoked only 42 U.S.C. § 1981. It thus appears that granting an additional leave to replead jurisdiction would be an exercise in futility.

1

In order to properly plead subject matter jurisdiction, as defendant observes, a plaintiff should invoke the jurisdictional statute under which the Court has the power to hear his action, here, federal question jurisdiction, 28 U.S.C. § 1331.  Plaintiff is not correct in claiming that the statute that provides for his substantive relief, 42 U.S.C. §1981, gives this Court jurisdiction to hear his case.  Section 1981 creates a cause of action for discrimination; the federal question jurisdiction statute, 28 U.S.C. § 1331 actually gives the Court the power to hear that cause of action.

It is clear from the plaintiff's submission that the Court, despite the imprecision in pleading, does in fact have jurisdiction.  To dismiss would be contrary to the general rules of liberal pleading requirements, and defendant has not cited any authority for a Court to dismiss a case for which jurisdiction clearly lies due to inelegant pleading by the plaintiff.  The Court therefore declines to dismiss, as defendant suggests, for lack of subject matter jurisdiction.

Defendant's other arguments for dismissal are similarly unavailing.  Defendant essentially argues that plaintiff has failed to plead a prima facie case of discrimination.  <u>See</u> Defendant's Memorandom of Law at 5-10.  Defendant fails to acknowledge the controlling precedent in this area, <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506 (2002).  In <u>Swierkiewicz</u>, the

Supreme Court, expressly rejecting earlier Second Circuit law to the contrary, held that a plaintiff need not plead facts sufficient to meet the prima facie case standard for a discrimination action in order to survive a motion to dismiss. Id. at 513-15.  Instead, a plaintiff need only plead that he suffered an adverse employment action on the basis of a protected status under the law and provide sufficient detail so as to put a defendant on notice as to the nature of his claims.  Id.

Here, plaintiff has plead that he was terminated because of his race and national origin in violation of 42 U.S.C. § 1981, and has given sufficient factual detail so as to put defendant on notice of his claims.  Defendant's citations to pre-Swierkiewicz case law do not provide any support for dismissing plaintiff's claims.  Defendant's arguments that plaintiff has not successfully alleged an action under § 1981 because he has alleged that his termination was also impermissibly based on age and race are also misplaced.  Although the Court acknowledges that the plaintiff's pleading is far from a model of clarity, it is apparent to the Court that the reference to age and religion are the bases of plaintiff's claims under the New York Human Rights Law, and are not meant to be part of his § 1981 claim. See Second Amended Complaint at ¶¶ 14-15.

The motion to dismiss is therefore denied.  The parties are to provide the Court with a proposed scheduling order and

3

discovery plan by April 7, 2006, and the Court will, if necessary, at that time schedule a conference with the parties. This Court has previously cautioned the parties to pay attention to federal law in their filings with this Court, an admonition that neither party has taken seriously enough. See Memo Endorsement of the Court dated 11/25/03 (permitting a motion to vacate to be filed). The Court once again advises the parties to take care to follow federal law and all of the Rules of this Court and to advise the Court as to the governing law on any matters filed.

SO ORDERED.

Dated:   New York, New York
         March 10, 2006

                                        _____
                                              Kimba M. Wood
                                        United States District Judge